IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Crim. No. **PJM 10-164** |
| | * | Civil No. **PJM 14-827** |
| **GREGORY JAMES GRAVES,** | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Gregory Graves is serving a 360-month sentence for Hobbs Act robbery (Counts One & Four of the Indictment), Possession of a Firearm in Furtherance of a Crime of Violence (Count Two), and Possession of a Firearm After Felony Conviction (Count Three). Based on three prior convictions, Graves was deemed a career criminal under the Armed Career Criminal Act ("ACCA") and a career offender under U.S.S.G. § 4B1.1. Absent one of those convictions—a 1997 conviction for Use of a Handgun in Commission of a Felony Crime of Violence ("1997 conviction")—Graves would not have qualified for the ACCA and § 4B1.1 enhancements. As it happens, one year after Graves's sentencing, the Maryland Court of Special Appeals vacated his 1997 conviction. He now asks the Court to vacate his sentence and resentence him on all counts pursuant to 28 U.S.C. § 2255. For the following reasons, his Motion is **GRANTED**.

I.

On April 12, 2010, Graves was charged in a four-count Indictment after robbing two 7-Eleven convenience stores while brandishing a gun and knife. *See* ECF No. 1. Despite making a confession to police at the time of his arrest, Graves decided to put the Government to its proof. Following a three-day jury trial, he was convicted on all four counts.

1

At sentencing, the Court adopted U.S. Probation's recommended Guidelines calculation in the Presentence Report, ECF No. 113 ("PSR"), which assigned Graves an adjusted offense level of 33 and a criminal history category of VI. PSR ¶ 82. At the time, Graves had three prior state law convictions, including Use of a Handgun in Commission of a Felony Crime of Violence, Robbery With a Deadly Weapon, and Handgun in Vehicle. *See* PSR ¶¶ 53–64. These convictions raised his Guidelines range to 240 months on Counts One and Four, and 360 months to life on Counts Two and Three. PSR ¶¶ 47–48, 82. Accordingly, the Court imposed the following terms of imprisonment:

| | |
|---|---|
| Count One: | 240 months |
| Count Four: | 276 months concurrent |
| Count Two: | 276 months concurrent & 84 months consecutive |
| Count Three: | 276 months concurrent[1] |

---

[1] There appears to have been some confusion as to the manner in which the sentence was originally imposed in this case. Government Counsel, Defense Counsel, the Defendant, and the Court all understood the total custodial sentence for all counts was to be 360 months.

However, for some reason Counsel argued and the Court wrote in the Judgment and Commitment Order: 240 months custody for Count One, 240 months concurrent for Count Four, 276 months concurrent and 84 months consecutive for Count Two, and 276 months concurrent for Count Three.

However, as the Court noted as to Count Three (having checked the transcript of the sentencing at p. 29 of 40, "even 276 concurrent is actually, adds some consecutive to that too"). 276 months, by definition, cannot be concurrent to 240 months, but must be framed as 240 months concurrent, 36 months consecutive. And that is precisely how the sentence ended up as intended.

Thus:

| | |
|---|---|
| 240 months | (Counts One, Two, Three, and Four, concurrent) |
| 36 months | (Count Two, consecutive) (Count Three, 36 months additional concurrent)) |
| 84 months | (Count Two, consecutive) |
| **360 months** | **TOTAL** |

ECF No. 89. Because his sentence on Count Two included a mandatory 84-month term, meaning consecutive to all other counts, the Court reduced Graves's sentence on Count Three from 360 months to 276 months. On direct appeal, the Fourth Circuit affirmed the judgment.

## Vacatur of Predicate Offense & Present Motion

On December 18, 2013, after Graves petitioned for *Writ of Error Coram Nobis* in state court, the Maryland Court of Special Appeals vacated his 1997 conviction, finding that his guilty plea was "not knowing and voluntary." *Graves v. State*, 81 A.3d 516, 359 (Md. Ct. Spec. App. 2013). Following vacatur, Graves timely moved to vacate his sentence in the case at bar.

After supplementing his Motion several times—adding and withdrawing certain claims[2]—two questions remain for consideration: (1) the lawfulness of Graves's ACCA sentence on Count Three, and (2) whether his sentence on Counts One, Two, and Four—based on a now-inappropriate career offender designation under U.S.S.G. § 4B1.1—should be vacated. Graves contends that without these enhancements, his total Guidelines range would be 168-189 months imprisonment, dramatically less than his current 360-month sentence. ECF No. 136 at 5 n.3.

## II.

At the outset, the Government concedes that Graves "is no longer a career criminal and that his sentence on Count Three is unlawful because the Court's application of [the] ACCA resulted in a sentence above the otherwise applicable 10-year statutory maximum for a § 922(g) violation." ECF No. 111 at 4. Thus, there is no dispute that Graves's ACCA sentence on Count Three must be corrected.

---

[2] At one point, Graves supplemented his Motion to add a claim under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). However, he has since withdrawn that claim. *See* ECF No. 130. Graves also previously challenged his *conviction* for Possession of a Firearm in Furtherance of a Crime of Violence, ECF No. 123. However, he has since acknowledged that his argument is foreclosed by *Mathis v. United States*, 932 F.3d 242 (4th Cir. 2019). *See* ECF No. 129 at 4 n.1.

3

Notwithstanding its concession, the Government maintains that Graves's challenge to his career offender sentence (on Counts One, Three, and Four) is (A) not cognizable, and (B) procedurally defaulted. As explained below, the Court finds neither argument meritorious.

**A.**

Turning first to cognizability: Under 28 U.S.C. § 2255, an incarcerated person in federal custody may challenge the legality of his sentence on one or more of the following grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the sentencing court lacked jurisdiction; (3) that the sentence exceeded the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). Not every sentencing error, however, is subject to review. The Supreme Court has interpreted § 2255(a) "such that if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). Although the Government contends that Graves does not meet that high bar, the weight of authority suggests otherwise.

At least one Fourth Circuit panel has found that "sentence enhancements based on previous convictions should be reconsidered if those previous convictions are later vacated." *United States v. Dorsey*, 611 F. App'x 767, 769 (4th Cir. 2015). In *Dorsey*, the petitioner (Dorsey) moved to be resentenced after a Maryland state court vacated one of his prior convictions. *Id.* at 768. Consequently, his criminal history category under the Sentencing Guidelines was downgraded from Category VI to V, decreasing his custody range from 110-137 months to 100-125 months. *Id.* at 768–69. Deeming Dorsey's claim cognizable, the Fourth Circuit distinguished between

4

Guidelines challenges based on vacated prior convictions and "ordinary" misapplications occasioned by mistakes or subsequent changes in the law. *Id.* at 770. Unlike these "ordinary" misapplications, Dorsey's claim could not have been brought until his prior conviction was vacated, resulting in a sentence based on criminal history that no longer existed. *Id.* According to the Fourth Circuit, this sufficed for resentencing.

Although the *Dorsey* opinion is unpublished, its rationale has been adopted by judges in this District who have considered the same issue. *See, e.g., Johnson v. United States*, 424 F. Supp. 3d 434, 445 (D. Md. 2019) ("Vacaturs of state convictions that result in altered sentencing requirements or otherwise unlawful sentences create the exceptional circumstances necessary to make a petitioner's § 2255 claim cognizable."); *United States v. Thomas*, ELH-10-cr-82, 2019 WL 2904652, at *13 (D. Md. July 5, 2019) ("because the [state court] vacated an underlying predicate offense on which Judge Quarles relied for defendant's career offender status . . . petitioner is entitled to a new sentencing"); *cf. McRae v. United States*, PJM 10-cr-127, 2015 WL 4641167, at *3 (D. Md. Aug. 3, 2015) ("the vacatur of his Second Degree Burglary conviction, which was used as a predicate offense to impose the career offender enhancement, would create a cognizable claim pursuant to 28 U.S.C. § 2255").[3] Those courts have rejected the Government's theory, proposed here, that career offender challenges are nothing more than "ordinary" misapplications of the Guidelines.[4] That logic fails to appreciate the stark difference between an "ordinary"

---

[3] Courts outside this District also agree. *See, e.g., Wilson v. United States*, No. 15-cr-22-BO, 2017 WL 4475996, at *1 (E.D.N.C. Oct. 6, 2017) ("Sentence enhancements based on previous convictions should be reconsidered if those convictions are later vacated and the federal sentence is therefore rendered unlawful."); *Montgomery v. United States*, 2015 WL 13722832, at *7 (S.D. W.Va. Oct. 20, 2015) ("the Fourth Circuit has held that 'a mistaken career offender designation [under the Guidelines] is not cognizable on collateral review,' unless a conviction underlying the career offender designation is subsequently vacated, altering the defendant's Guideline range" (citation omitted)); *cf. Cuevas v. United States*, 778 F.3d 267, 274 (1st Cir. 2015) ("we join our sister circuits and hold that claims such as Cuevas's are cognizable under the fourth prong of § 2255(a)").

[4] The leading authority cited by the Government, *Foote*, 784 F.3d 931, is not to the contrary. *See id.* at 936 n.5 ("cognizability is an easier question if an earlier conviction is actually vacated").

5

misapplication and a nullified career offender designation resulting from subsequently vacated convictions. Case precedents find the latter cognizable and the Government has presented no compelling reason to contradict that authority.

The Government advances a second argument: That a § 2255 petitioner must demonstrate "actual factual innocence" of the vacated offense—which Graves allegedly cannot do because he pled guilty to the 1997 charge. ECF No. 118 at 3. While § 2255 relief may be grounded in a petitioner's actual innocence, Graves arguably satisfies the requirement. His conviction is now vacated and the charge has been "nolle prossed." ECF No. 136 at 2. Moreover, what matters for sentencing purposes is whether Graves has the necessary convictions to sustain a career offender enhancement, and the short answer is he does not.[5]

While the Government attempts to downplay the significance of Graves's career offender designation in light of the now-advisory Guidelines, that contention ignores the substantial weight given to them. Indeed, as the Supreme Court has recognized, the Guidelines are "the lodestone of sentencing." *Peugh v. United States*, 569 U.S. 530, 544 (2013). If Graves is correct, and his Guidelines range as to custody should have been 168 to 189 months, there is no question that his 360-month sentence amounts to "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346. The Court therefore finds Graves's claim cognizable.

### B.

As for procedural default, the Government submits that Graves is precluded from challenging his career offender designation because he did not do so at sentencing or on direct

---

[5] The Government also suggests that Graves is not actually innocent because the State of Maryland appealed to the Maryland Court of Appeals at the time of his § 2255 petition. ECF No. 118 at 3–4 n.4. As noted by the Government, that appeal was dismissed and the charge against Graves was ultimately nolle prossed. *Id.* The Court fails to see how the dismissal of the appeal is of significance.

appeal. Graves counters that it was factually impossible for him to contest the enhancement because vacatur had not occurred, and his successful coram nobis petition was a new "fact" that did not come into existence until after sentence was imposed. *See Thomas*, 2019 WL 2904652, at *9 ("Until Thomas obtained coram nobis relief, he had no factual or legal basis to challenge his federal sentence."). The Court agrees with Graves. Until then, not only was it impossible for him to raise his claims, he was barred from doing so. *See Custis v. United States*, 511 U.S. 485, 487 (1994) ("We hold that a defendant has no such right (with the sole exception of convictions obtained in violation of the right to counsel) to collaterally attack prior [state] convictions."). For that very reason, Judges Bennett and Hollander have heard and rejected the same argument raised by the Government in this case. *See Johnson*, 424 F. Supp. 3d at 443; *Thomas*, 2019 WL 2904652, at *10. The same result should obtain here.

## CONCLUSION

For the foregoing reasons, Graves's Motion to Vacate is **GRANTED**.

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

June 23, 2021